UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SON VAN NGUYEN,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

NO. CR. 99-0433-WBS

ORDER RE: APPOINTMENT OF COUNSEL

----oo0oo----

        Petitioner Son Van Nguyen moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) in connection with petition for relief under 28 U.S.C. § 2255.  The court has discretion to appoint counsel to represent any financially eligible person seeking relief under § 2255 if the court determines the "interests of justice so require." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (citing 18 U.S.C. § 3006A).

        In deciding whether to appoint counsel, the court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in

1

light of the complexity of the legal issues involved. Id. (citing Maclin v. Freake, 650 F.2d 885, 887-88 (7th Cir. 1981); Dillon v. United States, 307 F.2d 445, 447 (9th Cir. 1962)). "These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them." Id. Should the court determine an evidentiary hearing is required, counsel must be appointed. United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995) (citing Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255).

Petitioner argues that an evidentiary hearing will required because he contends his court appointed counsel provided ineffective assistance at the trial and appellate levels. To obtain reversal of a conviction on the basis of ineffective assistance of counsel, a convicted defendant must show: (1) that counsel's performance was so deficient so as to fall below an objective standard of reasonableness; and (2) that counsel's errors were so serious so as to deprive the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1985). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689 (citations omitted). The Strickland standard is rigorous and highly demanding. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Paradis v. Arave, 20 F.3d 950, 959 (9th Cir. 1994).

Under the Strickland standard, petitioner has failed at this stage of the proceeding to point to any professional incompetence and prejudice in the conduct of his counsel, much less the need for an evidentiary hearing. After examination of

1 | the motion and trial record, the court sees no merit in
2 | petitioner's claims of ineffective assistance of counsel.
3 | Therefore, the court finds that "interests of justice" do not
4 | require appointment of counsel.
5 |     IT IS THEREFORE ORDERED that petitioner's motion for
6 | appointment of counsel in connection with petition for relief
7 | under 28 U.S.C. § 2255 be, and the same hereby is, DENIED.
8 | DATED: August 6, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3