IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,                      No. CR S-99-433 WBS GGH P

    vs.

SON VAN NGUYEN,

      Movant.                         FINDINGS AND RECOMMENDATIONS

_____/

        On June 18, 2007, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See court file no. 860. On January 18, 2008, movant filed an amended motion pursuant to 28 U.S.C. § 2255. See court file no. 1127. For the following reasons, the court recommends that these motions be dismissed.

        In 2004, movant was convicted of conspiracy to commit a robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a), use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) and death caused by use of a firearm during a crime of violence, aiding and abetting, in violation iof 18 U.S.C. § 924(I)(1) and (2).

        On June 5, 2006, the Ninth Circuit Court of Appeals affirmed movant's conviction but remanded his sentence for a limited Ameline re-sentencing hearing. On June 18, 2007, movant filed his original § 2255 motion. On November 19, 2007, the district court

1

resentenced movant. On November 29, 2007, movant filed a notice of appeal. On January 18, 2008, movant filed his amended § 2255 motion. On April 21, 2008, respondent filed an opposition to movant's § 2255 motions. On May 9, 2008, movant filed a reply to respondent's opposition.

Respondent argues that movant's motions should be dismissed because his appeal following his re-sentencing is still pending. "Federal prisoners must exhaust their federal appellate review prior to filing a habeas petition in the district court." Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987). "The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981). See also United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005)("[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief.")

The court has reviewed movant's § 2255 motions and does not find extraordinary circumstances justifying consideration of his motions while his appeal is still pending. Accordingly, based on the authority cited above, the court recommends that movant's § 2255 motions be dismissed as premature.

IT IS HEREBY RECOMMENDED that:

1. Movant's June 18, 2007 (# 860) and January 18, 2008 (# 1127) motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed;

2. The clerk of the court be directed to close the companion civil case No. 07-cv-1162.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time waives the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/02/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

nguyen.257