UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SON VAN NGUYEN,

        Defendant.

NO. CR. S-99-433 WBS

ORDER

----oo0oo----

        Defendant Son Van Nguyen has filed a motion to set aside his conviction pursuant to 28 U.S.C. § 2255.  In connection with that motion, his court-appointed attorney has sought authorization to incur investigator's expenses of $4,800 to travel to Memphis, Tennessee; Tallahatchie, Mississippi; Atlanta, Georgia; Tucker, Georgia; San Francisco, California, and other unspecified places to interview witnesses.

        The Magistrate Judge previously approved expenses for defendant's investigator to travel to the east coast to interview co-defendant Thy Chann in connection with his recent assertions that Son Van Nguyen was in fact innocent of the charges.  Counsel then requested authorization to incur the expenses for another

1

trip by her investigator to interview additional witnesses.  The Magistrate Judge denied that request without prejudice to a submission of prima facie evidence of actual innocence.  Counsel sought reconsideration by the Magistrate Judge of his Order, arguing that in-person contacts with the witnesses may overcome their reluctance to discuss the matter by phone.  The Magistrate Judge denied that request for reconsideration, and counsel now asks this court to reconsider the Magistrate Judge's orders.

For the reasons set forth by the Magistrate Judge in his Memorandum of March 14, 2011, this court will deny the request without prejudice at this time.  The court notes that Son Van Nguyen's trial took place more than seven years ago.  The court cannot be expected to recall all the details of the evidence at trial, but it is the court's recollection that there was substantial evidence to negate any inference that this defendant, Son Van Nguyen, was not present at the time of the offense.  If the allegations of Thy Chann are what is giving rise to the requested investigation, the court notes that Thy Chann has written numerous letters to the court in which he states many different things.  For reasons which the court need not elaborate upon here, his allegations are not entitled to credibility.

Nevertheless, the court would benefit from the input of the United States Attorney, whose recollection of the testimony at trial and other proceedings in this case would be more complete than the court's recollection, in making its final decision on defendant's present request.  The court sees no compelling reason why this order should be maintained under seal.  This matter will accordingly be calendared for hearing at **8:30**

1  **a.m., on April 11, 2011**.  Counsel for defendant and the United
2  States shall appear.  Defendant's presence shall not be required.
3         IT IS SO ORDERED.
4  DATED:  March 23, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3