UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent,<br><br>　v.<br><br>SON VAN NGUYEN,<br><br>　　　　Movant. | No. 2:99-cr-0433 WBS AC P<br><br><br>ORDER |

Defendant Son Van Nguyen will be resentenced in this Hobbs Act robbery case on June 29, 2020. ECF No. 1836. Mr. Nguyen sought post-conviction relief under 28 U.S.C. § 2255, and the undersigned has recommended that his convictions on Counts Two and Three be vacated pursuant to Johnson v. United States, 135 S. Ct. 2251 (2015), and progeny. ECF No. 1807. The government agrees that these counts should be vacated, ECF No. 1818, but the district judge has not yet formally adopted the recommendation or vacated any counts of conviction. Mr. Nguyen moves for release pending resentencing, and the matter has been fully briefed. ECF Nos. 1845, 1846, 1847. The motion has been referred to the undersigned by the district judge. ECF No. 1843.

I. Standard Governing Motion for Release

Mr. Nguyen appears before the court as a prisoner seeking post-conviction relief. Accordingly, the Bail Reform Act does not apply. United States v. Mett, 41 F.3d 1281, 1282 (9th

1

Cir. 1994), as amended (Feb 4. 1995). In the habeas context, release is reserved for "extraordinary cases" involving special circumstances or a high probability of success. Id. (citing Land v. Deeds, 878 F.3d 318 (9th Cir. 1989)).[1]

II. Discussion

Defendant seeks release on the primary ground that he will have already served more than the maximum sentence for Count One, conspiracy to commit Hobbs Act robbery, by the time of his June 29 resentencing hearing—assuming he receives the maximum good time credits authorized by statute. The United States counters that this proposition is speculative. For the reasons that follow, the court agrees.

Defendant was initially sentenced on April 14, 2004, to an aggregate term of life imprisonment plus 60 months. ECF Nos. 639, 641. The concurrent sentence imposed on Count One was the statutory maximum of 20 years. Id. On direct appeal, the case was remanded for resentencing pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). ECF No. 771. On resentencing, the court again imposed a total sentence of life imprisonment plus 60 months, which again included the maximum 20-year sentence for Count One. ECF No. 1034; ECF No. 1046 at 2. When defendant appears for his third sentencing proceeding on June 29, 2020, Count One will be the only count at issue.

Defendant argues that he satisfies the "high probability of success" prong under Mett because he has already prevailed on his Johnson challenge to Counts Two and Three. ECF No. 1845 at 5. At present, although the undersigned has found those counts invalid and the governments concedes as much, they remain intact until the resentencing hearing. More importantly, success on those two counts—while highly probable to be sure—is not the same as success in demonstrating the invalidity of custody per se, as the standard contemplates, or success

---

[1] Local Rule 302(c)(17) refers both "dispositive and non-dispositive motions and matters" in § 2255 cases to the magistrate judges of the court. A motion for release on bail is not dispositive of any claim or defense, and therefore may be decided by the magistrate judge directly, by order. See generally, Raddatz v. United States, 447 U.S. 667 (1980); 28 U.S.C. § 636(b)(1)(a). In the felony pretrial context, magistrate judges routinely make decisions regarding release. All such rulings, whether in the criminal or habeas context, are subject to review by the district judge for clear error. See Local Rule 302(a), (b)(1), (b)(6); 28 U.S.C. § 636(b)(1)(a).

2

in demonstrating that defendant will be resentenced on Count One to a term that will have been fully served at the time of resentencing. Accordingly, whether framed as a "success on the merits" question or as a "special circumstances" question, the required inquiry here is whether this is a sufficiently "extraordinary case" to overcome the presumed validity of continued imprisonment on a valid conviction. Mett, 41 F.3d at 1282; see also Aronson v. May, 85 S. Ct. 3, 5 (1964).[2]

Defendant contends that the maximum 20-year sentence is not inevitable this time around, and that a shorter sentence is warranted in light of his postconviction rehabilitation and related statutory sentencing factors. See ECF No. 1847 (defendant's reply brief) at 2-4. These matters are for the sentencing judge, and the undersigned declines the invitation to speculate about defendant's chances at securing a sentence below the maximum. It is sufficient for present purposes to note that defendant has not demonstrated a high probability of success in obtaining a lesser sentence from Judge Shubb.

Defendant's primary argument is that even assuming a maximum 20-year sentence, he will be entitled to release after serving 17 years (85% of the sentence) by operation of the good time credits regime of the First Step Act. The First Step Act clarified that the maximum good time credit available to a federal prisoner is 54 days per year (85%) of the sentence imposed. See generally, Bottinelli v. Salazar, 929 F.3d 1196 (9th Cir. 2019); 18 U.S.C. § 3624(b)(1), as amended, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Per defense counsel's calculations, because Mr. Nguyen began serving his sentence on April 14, 2004 and was awarded 207 days of jail credit by BOP, 17 years will expire on March 20, 2020. ECF No. 1845 (amended motion for release) at 5-6. This assumes an award of maximum good time credits for every year of a 20-year sentence. Defendant has submitted documentation of his positive institutional adjustment to

////

---

[2] "This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt." Aronson, 85 S. Ct. at 5.

support his contention that he will be found eligible for the maximum number of good time credits. See ECF No. 1842 & attachments.

The calculation of release dates and awarding of credit for satisfactory behavior are committed by statute to the BOP. 18 U.S.C. § 3624(a), (b). The statute provides in relevant part that:

> … [A] prisoner who is serving a term of imprisonment of more than 1 year, *other than a term of imprisonment for the duration of the prisoner's life*, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to the determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [If] the Bureau determined that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Credit that has not been earned may not later be granted.

Section 3624(b)(1) (emphasis added). "Under this scheme, at the end of each year, the BOP determines whether the prisoner has been naughty or nice. If the latter, it may award him credit for an extra fifty-four days toward the remainder of his sentence." Pacheco-Camacho v. Hood, 272 F.3d 1266, 1267 (9th Cir. 2001), superseded by statute as recognized in Bottinelli, supra.[3]

Because Mr. Nguyen has heretofore been serving a life sentence, he has not been eligible to earn good time credits. § 3624(b)(1). It is therefore safe to assume that he has not been annually reviewed for a determination whether his compliance with regulations would otherwise warrant credits, and how many credits would be appropriate for each year. Defendant has not explained how BOP approaches the calculation of good time credits for inmates who become eligible for them, for the first time, following resentencing and after an extended period of imprisonment under a life sentence.

Defendant has submitted documentation of his substantial educational and rehabilitative programming over the many years of his incarceration, and laudatory letters from BOP staff.

---

[3] Pacheco-Camacho upheld the BOP's pre-First Step Act interpretation of the statute, which had permitted an award of credits per year actually served rather than on the basis of the sentence. The First Step Act changed the credit calculation formula, but not the annual review process.

ECF Nos. 1842-2, 1842-3, 1842-4. The court is genuinely impressed by defendant's positive adjustment and efforts toward rehabilitation—but this documentation is simply not the equivalent of annual BOP determinations that defendant is eligible for the maximum number of credits for each year that he has served. Moreover, the court does not have before it the entire BOP record upon which such review is presumably conducted. Nor would it be appropriate for the court to undertake such review in the first instance. Defense counsel's calculation of a release date is based on assumptions that the court is unwilling to make about the outcomes of at least 16 distinct determinations about credits, for each of the years that defendant has been in prison.

Counsel for the government asserts (without supporting documentation) that he has been advised by BOP that "even if the defendant is sentenced to the statutory maximum on Count One . . . his estimated release date will not be until on or about October 4, 2020." ECF No. 1846 at 5. The discrepancy between this estimate and defense counsel's highlights the uncertainty about how credits will be calculated, and supports the court's deference to BOP to do the job that Congress has assigned to it, according to its own procedures.

In his reply to the government, defendant urges the court to obtain a release date calculation directly from BOP, or to require BOP to explain its October 2020 estimate. ECF No. 1847 at 3. The court declines to do so. Until Mr. Nguyen's judgment of conviction is amended, his life sentence vacated, and resentencing accomplished, BOP will be under no duty to calculate a release date. Nor would doing so prior to resentencing be appropriate. Just as the court will not usurp BOP's role in determining release dates, it will not require the agency to prematurely calculate an essentially advisory release date.

On the date scheduled for resentencing, defendant will not yet have served the statutory maximum sentence for Count One: twenty years. Although he may well be found eligible for release prior to the expiration of that maximum sentence, the court is unpersuaded that he will necessarily receive a release date from BOP that would have preceded his resentencing. The fact that defendant has little time left to serve on a 20-year maximum sentence does not itself constitute an extraordinary circumstance warranting relief under the standards articulated in Metts, supra.

5

In addition to disputing the estimated release date upon which defendant bases his primary argument, the government also opposes release on grounds that Mr. Nguyen's immigration status makes him a flight risk. ECF No. 1846 at 5-6. The government notes that defendant has acknowledged he is subject to deportation, and has previously stipulated to voluntary deportation following his release from prison. Id. (citing ECF No. 1026 at 2-3). Flight risk is a serious consideration under the Bail Reform Act, see 18 U.S.C. § 3142, but those standards do not apply here. Metts, 41 F.3d at 1282. The court rejects the government's argument that release now would cause defendant to enter deportation proceedings before resentencing can be accomplished, because the executive branch can and does when necessary choose between pursuing deportation and pursuing criminal prosecution of individuals facing both. The court agrees with the government that the prospect of deportation creates an incentive to flight as a general matter; were release in this case appropriate, conditions could be fashioned to address that risk. For the reasons previously stated, however, the court does not find release warranted under the extraordinary circumstances standard.

### III. Conclusion

For the reasons explained above, defendant's motion for release pending resentencing, ECF No. 1845, is hereby DENIED.

IT IS SO ORDERED.

DATED: March 4, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE