UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SON VAN NGUYEN,<br><br>Defendant. | No. 2:99-cr-433-06 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION FOR BAIL OR CONDITIONAL RELEASE |

----oo0oo----

Before the court is defendant Son Van Nguyen's Motion for Bail or Conditional Release Pending Resentencing. (Docket No. 1851.) The court notes that on March 4, 2020, Magistrate Judge Allison Claire denied a similar motion by defendant (see Docket Nos. 1845, 1849), though defendant presents some additional grounds in the instant motion.

In the habeas context, release on bail is reserved for "extraordinary cases involving special circumstances or a high probability of success." United States v. Mett, 41 F.3d 1281,

1

1282 (9th Cir. 1994). To the extent defendant argues that he should be released because he has likely already served his sentence, including good time credit, the court rejects that argument for the reasons stated in detail by Judge Claire. (See Docket No. 1849.)

The court also rejects defendant's primary argument that he is entitled to bail or release due to the risks posed by the COVID-19 pandemic. The court agrees that as a general matter, the pandemic is an extraordinary event. However, defendant does not claim that he personally is more at risk than any other inmate due to his age or his current health condition. Nor does he claim that he is more at risk than any other inmate due to the conditions where he is housed, other than to note that the Bureau of Prisons' website states that one out of the more than 1200 inmates, and one staff member, at the institution where he is confined have tested positive for the COVID-19.[1]

Simply put, defendant's arguments regarding the risk of contracting COVID-19 would apply to everyone in confinement.[2] Once again, the court recognizes the unique and unprecedented dangers posed by the coronavirus, but under these circumstances, defendant has not shown the risks of COVID-19 present

---

[1] See Federal Bureau of Prisons, COVID Cases, http://www.bop.gov/coronavirus/ (last visited Apr. 10, 2020); Federal Bureau of Prisons, FCI Bennettsville, https://www.bop.gov/locations/institutions/ben/ (last visited Apr. 10, 2020).

[2] Because the court finds that defendant has not shown extraordinary circumstances under Mett, 41 F.3d at 1282, the court does not address the government's other arguments for denial of defendant's motion for release.

extraordinary circumstances warranting his release at this time. Accordingly, defendant's motion for bail or conditional release is DENIED.

Alternatively, defendant requests that if his motion for release is denied, the court should order the United States Marshal to enforce a sweeping set of prison reforms which defendant suggests are necessary to protect him from the coronavirus. The court finds such request inappropriate in the context of a motion for bail.[3] See Peterson v. Diaz, 2:19-cv-1480 WBS GGH, 2020 WL 1640008, at *1 (E.D. Cal. Apr. 2, 2020) (citing Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019)). For that reason, defendant's request for an order to ensure certain "life-saving safety measures are in place to protect him" (Mot. 18-19) is DENIED.

IT IS SO ORDERED.

Dated: April 10, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, generally petitions challenging the conditions of confinement must be brought in the custodial court. See, e.g., Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

3